UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK COX ) | |
| ) | Case No.: 1:31-cv-789 |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| HARTFORD LIFE AND ACCIDENT ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The Plaintiff, MARK COX ("COX"), by and through the undersigned counsel, hereby sues HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY ("HARTFORD") and alleges:

**PRELIMINARY ALLEGATIONS**

1. "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, prejudgment and post judgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2. At all times material hereto, COX was a participant and insured under the

Ascension Group Long-term Disability Plan # GLT-206374 (the "LTD" Plan).

3. Defendant, HARTFORD, is a Corporation with its principal place of business in the State of Connecticut, authorized to transact and transacting business in the Southern District of Indiana.

4. HARTFORD is the insurer of benefits under the LTD Plan and acted in the capacity of a plan administrator. As the decision maker and payor of plan benefits, HARTFORD administered the claim with a conflict of interest and the bias this created affected the claims determination.

5. The LTD Plan is an employee welfare benefit plan regulated by ERISA, established by Ascension Group ("Ascension"), under which COX was a participant, and pursuant to which COX is entitled to Long Term Disability benefits ("LTD benefits"). Pursuant to the terms and conditions of the LTD Plan, COX is entitled to LTD benefits for the duration of his disability, for so long as COX remains disabled as required under the terms and conditions of the LTD plan.

6. Venue is proper in this district under 29 USC 1132 (e)(2), in that defendant, HARTFORD, is authorized to and is doing business within the Southern District of Indiana and can be found in the Southern District of Indiana.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

7. COX incorporates by reference all preceding paragraphs as though fully set forth herein.

8. At all times relevant, COX was an employee of Ascension and a plan participant under the terms and conditions of the LTD Plan.

9. While COX was covered under the LTD Plan he suffered a physical disability as a result of Sickness, which, due to privacy, is detailed within the administrative record, rendering him disabled as defined under the terms of the LTD Plan.

10. "Total Disability" or "Totally Disabled" in the LTD Plan is defined to mean:

> **Total Disability or Totally Disabled** means you are prevented by:
> 1. accidental bodily injury;
> 2. sickness;
> 3. Mental Illness;
> 4. Substance Abuse; or
> 5. pregnancy,
>
> from performing the Essential Duties of Your Occupation, and as a result you are earning less than 20% of your Pre-disability Earnings, unless engaged in a program of Rehabilitative Employment approved by us.
>
> If You are a Physician or Dentist, Your occupation means Your specialty in the practice of medicine or dentistry. You will not be considered disabled solely because of the loss or restriction of Your license to engage in Your own occupation.
>
> Your failure to pass a physical examination required to maintain a license to perform the duties of Your Occupation does not alone mean that you are Totally Disabled.

11. Due to restrictions and limitations arising from a physical "sickness", resulting in "disability", COX submitted a short-term disability claim to Ascension, which was approved and paid. In or about February 2019, Ascension and COX notified and submitted a claim to HARTFORD for long-term disability benefits.

12. Beginning on or about February 16, 2019, COX received salary continuation from his employer which extended the Elimination Period under the LTD Plan through October 25, 2019, the expiration of the salary continuation. As such, the effective date that long-term disability benefits were set to begin was October 26, 2019.

13. By letter dated April 10, 2019, HARTFORD notified COX that it had determined that "due to lack of Proof of Loss" they were unable to continue their investigation to determine

if he was Disabled throughout and beyond the Elimination Period. HARTFORD also informed COX that it would request a medical update from his physician in late September 2019 in order to determine eligibility beyond October 26, 2019.

14. HARTFORD subsequently received medical updates, records and statements from COX's treatment providers supporting that COX was disabled and unable to perform the Essential Duties of his Occupation; however, despite receiving more than sufficient Proof of Loss, HARTFORD informed COX by letter dated December 6, 2019 that it would not be paying his long-term disability claim.

15. On June 2, 2020, COX timely appealed HARTFORD's adverse benefit determination.

16. By letter dated November 24, 2020, HARTFORD notified COX that it had affirmed its adverse determination and upheld its decision to deny him his LTD benefits.

17. COX has fully complied with filing all mandatory administrative appeals required under the LTD Plan.

18. HARTFORD breached the LTD Plan and violated ERISA in the following respects:

   a. Failing to pay LTD benefits to COX at a time when HARTFORD and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as COX was disabled and unable to work and therefore entitled to benefits.

   b. After COX's claim was denied in whole or in part, HARTFORD failed to adequately describe to COX any additional material or information necessary for COX to perfect his claim along with an explanation of why such material is or

        was necessary.

      c. HARTFORD failed to properly and adequately investigate the merits of COX's disability claim and failed to provide a full and fair review of COX's claim.

19. COX believes and alleges that HARTFORD wrongfully denied his claim for LTD benefits under the LTD Plan, by other acts or omissions of which COX is presently unaware, but which may be discovered in this future litigation and which COX will immediately make HARTFORD aware of once said acts or omissions are discovered by COX.

20. As a proximate result of HARTFORD's wrongful conduct and failure to pay benefits, COX has suffered damages for loss of disability benefits in a total sum to be shown at the time of trial.

21. As a further direct and proximate result of this improper determination regarding COX's claim for benefits, COX, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), COX is entitled to have such fees and costs paid by HARTFORD.

22. HARTFORD's wrongful conduct has created uncertainty where none should exist; therefore, COX is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the LTD Plan.

### **REQUEST FOR RELIEF**

WHEREFORE, MARK COX prays for relief against THE HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits

are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

      3.      In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

      4.      Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

      5.      Payment of prejudgment and post judgment interest as allowed for under ERISA; and

      6.      Such other and further relief as this Court deems just and proper.

ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
Phone: (954) 620-8300
Fax: (800) 531-8935

  */s/ Cesar Gavidia*
CESAR GAVIDIA, ESQUIRE
Florida Bar No.: 015263
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No.: 299560